# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

WILFREDO SANCHEZ,          )
                                    )
          Petitioner,       )
                                    )
          v.             )     No. 11 CV 3953
                                    )
MARCUS HARDY, Warden,     )
                                    )
          Respondent.     )

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Wilfredo Sanchez has filed a notice of appeal from our memorandum opinion and order, entered February 27, 2012 ("Opinion"), denying Sanchez's petition for a writ of habeas corpus. Sanchez was convicted in 2005 of one count of first-degree murder in the shooting death of Christian Simpson, as well as two counts of aggravated battery with a firearm. Sanchez's habeas petition identified four grounds for relief, all of which we rejected. Sanchez seeks a certificate of appealability ("COA"), which we hereby deny.

### STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2253(c)(1), a COA is required for an appeal from a final order in a habeas corpus proceeding under 28 U.S.C. §§ 2254. *See* 28 U.S.C. § 2253(c). We may grant a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Walker v. O'Brien*, 216 F.3d 626, 631–32 (7th Cir. 2000). To make a substantial showing of the denial of a constitutional right where the district court rejected a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessments of the

constitutional claims debatable or wrong," or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1603–04 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4, 103 S. Ct. 3383, 3395 (1983)). If the district court rejected "a petitioner's claims on procedural grounds without reaching the prisoner's underlying constitutional claim," it should only issue a COA "when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (emphasis added); *see also Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 1034 (2003).

## ANALYSIS

Although Sanchez has not explicitly identified which issues he seeks to appeal, we assume he wishes to appeal all four of the claims raised in his habeas petition. (*See* Pet.'s Add'l Statement, Dkt. No. 30.) We begin with the two procedurally defaulted claims and then turn to the two claims previously addressed on their merits.

### A.      Procedurally Defaulted Claims (Claims 3 and 4)

In the Opinion, we held that Sanchez had procedurally defaulted Claims 3 and 4[1] as presented in his habeas petition. (Op. at 14–15 (Dkt. No. 21).) Claim 3 asserted that Sanchez's appellate counsel was ineffective for failing to present at that stage the issue of whether the Government's key trial witness, Daisy Lopez, committed "knowing perjury." (Habeas Pet. at 5.) At trial, Lopez recanted the statement she provided to police following the shootings, as well as her grand jury testimony, both of which described Sanchez's involvement. (Op. at 3–5.) In light

---

[1]We will continue to refer to the claims by the numbers described in the Opinion.

of that development, the Government introduced an assistant state's attorney, Andreana Turano-Michiels, who testified about the contents of Lopez's initial written statement. (*See* Resp. Ex. K, Rule 23 Order, *People v. Sanchez*, No. 1-08-3413 at 3–4 (Ill. App. 1st Dist. 2010).) As explained in the Opinion, Sanchez repeatedly argued in underlying state proceedings that his appellate counsel should have argued that trial counsel had been ineffective for failing to cross-examine Turano-Michiels about Lopez's statement. (Op. at 7, 14.) We construed Sanchez's habeas petition as raising a different claim, however—that is, the claim that appellate counsel should have argued that trial counsel had been ineffective for failing to present Lopez's "knowing perjury." (Op. at 14.) We thus interpreted Sanchez's habeas petition as focusing on appellate counsel's failure to argue that trial counsel neglected to fully cross-examine *Lopez*, as opposed Turano-Michiels. (*Id.*) We concluded that while Sanchez identified the same legal issues in the state and habeas proceedings, he had failed to present the same operative facts. (*Id.*) There is no question that Sanchez did not raise this particular issue—that appellate counsel failed to argue that trial counsel dropped the ball in arguing Lopez's "knowing perjury"—through a full round of state court review. Indeed, although he identified numerous alleged flaws in appellate counsel's performance during the post-conviction proceedings, this claim was not among them. (*See* Resp. Ex. I, Post-Conviction Petition, *People v. Sanchez*, No. 04 CR 2166 at 2–6 (Cook Cty. Cir. Ct. 2008).) Accordingly, we cannot conclude that reasonable jurists could debate our conclusion that Sanchez defaulted Claim 3.

In addition, even if we misread Claim 3, Sanchez would not be entitled to habeas relief on the merits. We acknowledge that Claim 3 of the Petition is rather vague, as it refers generally to the "State's 'key witness' testimony" as "knowing perjury." (Habeas Pet. at 5.) Although we

construe this language as a clear reference to Lopez, we will entertain the possibility that

Sanchez intended to refer to Turano-Michiels and to advance his non-defaulted claim. Even in

that event, however, Claim 3 would fail. The Illinois appellate court fully addressed this issue

on its merits during the post-conviction proceedings. (*See* Resp. Ex. K, Rule 23 Order, *People v.

Sanchez*, No. 1-08-3413 at 6–10 (Ill. App. 1st Dist. 2010).) The Illinois court relied on

applicable federal law and concluded that Sanchez did not suffer a constitutional violation when

his trial counsel failed to cross-examine Turano-Michiels or otherwise object to the introduction

of Lopez's written statement. (*Id.* (finding no violation of Sanchez's right to confront

inculpatory witnesses).) The court then held that because Sanchez's argument as to trial counsel

lacked merit, he could not prevail with the related argument as to appellate counsel. (*Id.* at 10.)

In other words, appellate counsel could not be deemed ineffective for failing to raise a

groundless argument on appeal. (*Id.*) *See Montgomery v. U.S.*, 10 C 356, 2012 WL 2133520, at

*4 (S.D. Ill. June 12, 2012) (noting that "it is not professionally unreasonable for an attorney

vested with the discretion to decide whether or not to appeal to decline to prosecute a meritless

claim"); *Jones v. Martin*, 11 C 6046, 2012 WL 2115930, at *2–3 (N.D. Ill. June 7, 2012)

(rejecting similar argument raised by petitioner where appellate counsel could not be faulted for

failing to pursue meritless Confrontation Clause claim on direct appeal).

The Illinois court's analysis and conclusion are neither objectively unreasonable, nor

constitute clear error. *Taylor v. Bradley*, 448 F.3d 942, 948 (7th Cir. 2006); *Murrell v. Frank*,

332 F.3d 1102, 1111 (7th Cir. 2003). Accordingly—even if the default of Claim 3 was

questionable—no reasonable jurist could debate whether it asserts a valid claim of the denial of a

constitutional right. We thus must deny Sanchez's request for a COA on Claim 3.

We turn then briefly to consider Claim 4, which alleged that prosecutorial misconduct and other acts or non-acts of Sanchez's lawyers deprived him of a fair trial and appeal. (Habeas Pet. at 6.) Sanchez has not described the purported prosecutorial misconduct or other acts or non-acts that give rise to this claim. (*Id.*) To the extent he is incorporating his claims of ineffective assistance of his trial and appellate counsel, they were raised elsewhere in the habeas petition in detail and have been resolved. As indicated in the Opinion, however, we interpret Claim 4 as Sanchez's effort to re-raise the issue of prosecutorial misconduct. (Op. at 14–15.) Sanchez first argued prosecutorial misconduct in his petition for post-conviction relief. (*See* Resp. Ex. I, Post-Conviction Petition, *People v. Sanchez*, No. 04 CR 2166 at 4–5 (Cook Cty. Cir. Ct. 2008).) Yet he did not advance this argument in subsequent post-conviction proceedings, choosing instead to focus on an ineffective assistance of appellate counsel claim. (*See* Resp. Ex. L, App. Brief for Post-Conviction Relief, *People v. Sanchez*, No. 04 CR 2166 at 2, 12–19 (1st Dist. 2009); Resp. Ex. Q, Post-Conviction PLA, *People v. Sanchez*, No. 08 C 3413 at 3 (Ill.) Sanchez therefore abandoned this claim, and no reasonable jurist could conclude otherwise.

### B. Claims Addressed on the Merits (Claims 1 and 2)

In both Claims 1 and 2, Sanchez contended that his trial counsel was ineffective. (Habeas Pet. at 5.) In Claim 1, Sanchez argued that trial counsel failed to impeach Lopez about the alleged police coercion that motivated her initial statement to Turano-Michiels or about Lopez's drug use prior to her grand jury testimony. In Claim 2, Sanchez argued that trial counsel failed to call a certain witness, who would have testified that Sanchez was not affiliated with a gang. As discussed in the Opinion, however, the Illinois appellate court's application of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1994), in rejecting these arguments

-5-

was not unreasonable.  (Op. at 17–20.)  Counsel's decisions were matters of trial strategy, entitled to great deference without the benefit of hindsight.  *See United States v. Hirschberg*, 988 F.2d 1509, 1513 (7th Cir. 1993) (finding that "when defendants attack trial counsel's strategy choices, we offer enormous deference to those choices, and we do not rely on the 'perfect vision of hindsight'"); *United States ex rel. Kleba v. McGinnis*, 796 F.2d 947, 955 (7th Cir. 1986) (holding that "[t]he Supreme Court's decision in *Strickland* made the law eminently clear that the judgments of counsel involving strategic decisions will not be considered as a proper basis for bringing a Sixth Amendment ineffective assistance of counsel claim").  The appellate court took a close look at these claims, addressing Sanchez's assertions and relying on appropriate case law for its analysis.  (Resp. Ex. A, Rule 23 Order, *People v. Sanchez*, No. 1-05-2306 at 10–15 (Ill. App. 1st Dist. 2007).)  The state appellate court considered not only whether counsel's strategic decisions fell below the objective standard for reasonableness, but also whether Sanchez showed a reasonable probability that counsel's errors affected the outcome of the trial.  (*Id.*)  The appellate court's application of *Strickland* was entirely reasonable, and we cannot conclude that any reasonable jurist would second guess that conclusion or otherwise encourage further review.

**CONCLUSION**

For the reasons set forth above, we deny Sanchez's request for a COA. Sanchez may petition the Court of Appeals for a COA pursuant to Federal Rule of Appellate Procedure 22. It is so ordered.

_____
Honorable Marvin E. Aspen
U.S. District Court Judge

Dated: July 25, 2012